IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA

RECEIVED

2006 FEB 23 A 9:56

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CASE NUMBER 2:06mc3278-MHT |
| ) | |
| PETITIONER, ) | Notice and motion to quash summons and complaint |
| ) | for failure to state a claim upon which relief can |
| v. ) | be granted, failure to to state a cause of action, |
| ) | lack of subject matter jurisdiction, lack of |
| LARRY B. GOLSON, ) | personal jurisdiction, and lack of territorial |
| ) | jurisdiction and for a ficticious plaintiff. |
| RESPONDENT. ) | |

I, Larry B. Golson, Declarant, a man of common intelligence, without the assistance of counsel under threat and duress without prejudice do request the court quash the summons and complaint for failure to state a claim upon which relief can be granted, for failure to state a cause of action, for failure to provide proof of subject matter jurisdiction, for failure to provide proof of personal jurisdiction, for failure to provide proof of territorial jurisdiction and for a ficticious plaintiff. Per Declarant's Honest Inquiry One delivered to this court and to petitioner certified mail # 7004 2890 0004 6383 3584 February 15, 2006 petitioner has failed to provide proof of jurisdiction. Proof of jurisdiction is required for any action to proceed:

The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings and once jurisdiction is challenged it must be proven per Hagan v Levine 415 US 533.

**"Subject matter jurisdiction may not be conferred on a federal court by stipulation, estoppel, waiver." U.S. v. Burch, 169 F.3d 666. (1999)**

**"Parties cannot confer subject matter jurisdiction upon judicial tribunal by either acquiescence or consent; nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of parties." State v. Trevino, 556 N.W.2d 638, 251 Neb. 344 (1996)**

It would be impossible for plaintiff to provide proof of jurisdiction in the instant case based on the law, the Code of Federal Regulations for the sections cited in plaintiff's motion and the Internal Revenue Manual itself. The only implementing regulations associated with 7604 are by section 7602 which is only applicable to Title 27 and to certain fuels per sections 6420, 6421 and 6427. The Internal Revenue Manual specifically limits Summons in 5.17.6 as follows:

**5.17.6.2 (09-20-2000)**
**Statutory Authority**
IRC 7601 authorizes the Service to inquire about any person who may be liable to pay any internal revenue tax. IRC **_7602 authorizes the Service to summon a witness_** to testify or to produce books, papers, records, or other data that may be relevant or material to an investigation. United States v. Powell, 379 U.S. 48 (1964). IRC 7602 also identifies the purposes for which the Service may issue summonses.

Section 7602 is only associated with Title 27, which is the Bureau of Alcohol, Tobacco, and Firearms. More specifically it applies to the manufacture, removal, and use of stills and condensers under part 170 and to Refund or Credit of Tax on Tobacco Products, and Cigarette Papers and Tubes under part 296. This activity is strictly limited territorially by Sec 7621 and Sec 7651. On the record, Declarant is not now and has never been involved in any such activities or any other excise taxable activity or lived or worked in said districts or jurisdiction. These are serious jurisdictional failings.

IRC 7602 requires that the "Secretary" authorize or sanction such proceedings. The term "Secretary" means the Secretary of the Treasury or his delegate per IRC 7701(a)(11)(B). No delegation orders have been presented. Declarant has never been noticed to keep such records as mentioned in petitioner's complaint. Many of these records (statements, cancelled checks, deposited items) are not mentioned in any section of the Internal Revenue Code cited by petitioner and others provide no directions regarding the keeping of such records or the specification allowing the secretary to enact regulations regarding such records. Such language is specifically provided for in other sections of the code.

Declarant made more than a reasonable effort to address these failings previously by demanding these authorities and orders through certified mail request (7003 2260 0000 9048 7262 delivered June 6 2005, 7003 2260 0000 9048 7293 delivered June 23 2005, 7003 2260 0000 9048 7286 delivered July 5 2005 and 7005 0390 0001 0095 0872 delivered August 4 2005) and was met with silence.

> "Silence can only be equated with fraud where there is a legal or moral duty to speak, or where an inquiry left unanswered would be intentionally misleading. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

> "The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, that his testimony, if introduced, would be adverse to his interests." citing Meier v CIR, 199 F 2d 392, 396 (8th Cir. 1952) (quoting 20 Am Jur, Evidence Sec 190, page 193).

By failing to respond jurisdiction was forfeited per those request. It is concluded the complaint is based upon sweeping conclusions of law cast in the form of factual allegations and is being administered under color of law. There is no statutory claim of a lawful duty upon Declarant. Due process protects Citizens from government harassment unless in violation of law. No law has been identified and could not be; there are only assertions of flawed conclusions based on administration and procedural statutes. There is absolutely no statutory obligation that is even suggested by the petitioner. There is no statutory authority for these actions. Continued action against Declarant would be a violation of due process, abuse of process and unconstitutional. The complaint must be dismissed for its multiple jurisdictional failures.

> "Internal Revenue Service does not enjoy inherent authority to summon production of private papers of citizens, but may only exercise that authority granted by Congress." U. S. v. LaSalle Nat. Bank, U.S.Ill.1978, 98 S.Ct. 2357, 437 U.S. 298, 57 L.Ed.2d 221, on remand.

> "Summons enforcement procedure provides a taxpayer an opportunity to challenge an Internal Revenue Service summons on any appropriate ground, including constitutional grounds." U. S. v. Harper, E.D.Pa.1975, 397 F.Supp. 983.

> "Disclosures to Internal Revenue Service agent, revenue or special, must be entirely voluntary and must not be induced by coercion, fraud or misrepresentations." Cohen v. U.S., C.A.8 (Mo.) 1968, 405 F.2d 34, certiorari denied 89 S.Ct. 1274, 394 U.S. 943, 22 L.Ed.2d 478.

> "we are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no Right to refuse to submit its books and papers for an examination at suit of the State. The individual may stand upon his constitutional [sic] {guaranteed} Rights as a citizen." "He owes no such duty to the State, since he receives nothing therefrom, beyond the protection of his life and property." Hale v. Henkel, 201 U.S. 43, 74.

> "If men, through fear, fraud, or mistake, should in terms renounce or give up any natural right, the eternal law of reason and the grand end of society would absolutely vacate such renunciation. The right to freedom being the gift of Almighty God, it is not in the power of man to alienate this gift and voluntarily become a slave." Samuel Adams

Declarant is just a layman but believes the court to be most concerned with truth and justice.

> "FRCP 8(f): Construction of pleadings. All pleadings shall be so construed as to do substantial justice." Dioguardi vs. Durning, 2 CIR., 1944 139 F2d 774

> "United States v. Tiffany Fine Arts, Inc., 718 F.2d 7, 11 (2d 18 Cir. 1983) ("[Bisceglia] reasoned that by creating the enforcement proceeding mechanism Congress had intended to place the federal courts between the IRS and the person summoned, and that the courts could contain [the threat of IRS overreaching] by narrowing the scope of or refusing to enforce abusive summonses.")."

The Declarant herein is not subject to the jurisdiction being asserted and it is unlikely this court can render a remedy at law for Declarant in the instant case.

Wherefore this declarant files this notice and motion to have the summons and complaint quashed for lack of jurisdiction. This filing may also be construed as an action to abate the proceedings.

"Where the court is without jurisdiction, it has no authority to do anything other than to dismiss the case." Fontenot v. State, 932 S.W.2d 185.

"Decision is void on the face of the judgment roll when from four corners of that roll, it may be determined that at least one of three elements of jurisdiction was absent: (1) jurisdiction over parties, (2) jurisdiction over subject matter, or (3) jurisdictional power to pronounce particular judgment that was rendered", B & C Investments, Inc. v. F & M Nat. Bank & Trust, 903 P.2d 339 (Okla. App. Div. 3, 1995).

"Personal-capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish personal liability in a 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.' Id., at 166." HAFER v. MELO, 502 U.S. 21 (1991).

"Personal involvement in deprivation of constitutional rights is prerequisite to award of damages, but defendant may be personally involved in constitutional deprivation by direct participation, failure to remedy wrongs after learning about it, creation of a policy or custom under which unconstitutional practices occur or gross negligence in managing subordinates who cause violation." Gallegos v. Haggerty, N.D. of New York, 689 F. Supp. 93 (1988).

Declarant request the court construe this to be applicable to his wife, Debra G. Golson, in case # 2:06mc3280-MHT as well. She does not work outside that of the activities of a stay at home mom and has not and is not involved in such activities nor has she lived, resided or worked in any such districts or jurisdiction cited.

"In the formation of a government, the people may confer upon it such powers as they choose. The government, when so formed, may, and when called upon should, exercise all the powers it has for the protection of the rights of its citizens and the people within its jurisdiction; but it can exercise no other." United States v. Cruikshank, 92 U.S. 542 (1875)

John 7:24 "Judge not according to the appearance, but judge righteous judgment."

Feb 20, 2006

Respectfully,

Larry B. Golson, a layman.

_Larry B. Golson_

To the best of my knowledge and ability

All Rights Reserved Without Prejudice

Certified Mail # 9171 0720 8594 7011 0109 40
Certified Mail # 9171 0720 8594 7011 0109 57