IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
RECEIVED

MIDDLE DISTRICT OF ALABAMA

2006 APR 11  A 10: 38

| | |
|---|---|
| UNITED STATES OF AMERICA   ) | CASE NUMBER 2:06mc3278-MHT |
| ) | |
| ) | Notice of confirmation of support for the |
| PETITIONER,   ) | Constitution and laws for the United States; |
| ) | Notice of performance; |
| v.   ) | Notice of non-response and default by plaintiff, |
| ) | initiator of summons and Secretary of the Treasury; |
| LARRY B. GOLSON,   ) | Notice of non-third party recordkeeper status; |
| ) | Notice for explanation of rulings; |
| RESPONDENT.   ) | Notice to Quash and dismiss |

Larry B. Golson, Declarant, a natural man of common intelligence without the assistance of counsel under threat, duress and coercion without prejudice do notice the court and request the following:

1. Declarant presumes that all parties (excluding Declarant and his wife) have taken an oath to support the Constitution and laws for the United States of America, abide by decisions of the Supreme Court, are acting in good faith and with integrity as required by the law, oath of office, regulations (**5CFR2635.101 Basic obligation of public service** for example) and the President of the United States.  If any party has taken no such oath or has used any deception or even by mistake taken any action to defeat the laws or the Constitution for the United States of America Declarant demands immediate notification be provided.

> **"We hold these truths to be self-evident, that all men are created equal, that they are endowed by their Creator with certain _unalienable Rights_, that among these are Life, Liberty and the pursuit of Happiness." Declaration of Independence**

> **"Each of us has made a pledge to be worthy of public responsibility -- and that is a pledge we must never forget, never dismiss, and never betray. " President George W. Bush State of the Union Address 2006**

> **"it is this (Supreme) Court's prerogative alone to overrule one of its precedents." Agostini v. Felton, 521 U.S. 203, 237-238 (1997); State Oil Co. v. Khan, 522 U.S. 3, 20 (1997)**

> **"...constitutional deprivations may not be justified by some remote administrative benefit to the State. Pp. 542-544." Harman v. Forssenius, 380 U.S. 528, 540 (1965)**

> **"Thus the guarantee was intended to secure equality of protection not only for all but against all similarly situated. Indeed, protection is not protection unless it does so. Immunity granted to a class however limited, having the effect deprive another class however limited of a personal or property right. is just as clearly a denial of equal protection of the laws to the latter class as if the immunity were in favor of, or the deprivation of right permitted worked against, a larger class." Truax v. Corrigan 275 U.S. 312,332 (1947)**

> **"If there is any fixed star in our constitutional constellation, it is that no official, high or petty, can prescribe what shall be orthodox in politics, nationalism, religion, or other**

matters of opinion or force citizens to confess by word or act their faith therein." **West Virginia Board of Education v. Barnette, 319 U.S. 624, (1943).**
**"An instrumentality of Government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts." Brady v. Roosevelt Steamship Co., 317 U.S. 575 (1943)**

**"Public officers are merely the agents of the public, whose powers and authority are defined and limited by law. Any act without the scope of the authority so defined does not bind the principal, and all persons dealing with such agents are charged with knowledge of the extent of their authority." Continental Casualty C0. v. United States. 113 F2d 284 (5'h Cir. 1940)**

**"Official powers cannot be extended beyond the terms and necessary implications of the grant. If broader powers be desirable, they must be conferred by Congress. They cannot be merely assumed by administrative officers; nor can they be created by the courts in the proper exercise of their judicial functions," Federal Trade Commission v. Raladam Co., 283 U.S. 643 (1931)**

**"The individual may stand upon his constitutional Rights as a citizen. He is entitled to carry on his private business in his own way. " "He owes no such duty to the State, since he receives nothing therefrom, beyond the _protection of his life and property_." Hale v. Henkel , 201 U.S. 43, 74 (1906)**

**"There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments."--United States v. Throckmorton,, 98 U.S. 61, 64-65 (c. 1878); see, also Nudd v. Burrows, supra.**

**"Fraud destroys the validity of everything into which it enters."Nudd v. Burrows, Assignee, 91 U.S. 426, 440 (1875)**

**"[Fraud] vitiates everything"--Boyce's Exec. v. Grundy, 3 Peters (28 U.S.) 210, 220 (1830)**

**"An Appearance induced by Fraud (legal coercion, physical duress, or fictitious party) has no efficacy" (Stultz v. Stultz, 94A.2d 527, 24 N.J.Super, 354, 6 C.J.S. §18)**

**"The whole art of government consists in the art of being honest." --Thomas Jefferson: Rights of British America, 1774. ME 1:209, Papers 1:134**

A layman is to be held to a less stringent standard than professional attorneys and should be instructed by this Honorable Court as to how to correct any deficiencies in pleadings. See **Haines v Kerner, 404 US 519-521 (1972).**

> **"FRCP 8(f): Construction of pleadings. All pleadings shall be so construed as to do substantial justice." Dioguardi vs. Durning, 2 CIR., 1944 139 F2d 774**

2. Declarant makes notice that the information has been provided under threat, duress and coercion. This information was not provided voluntarily and consent has not been granted for use as such information is not being collected Constitutionally or as provided for by law.

> **Sec 6020. – Returns prepared for or executed by Secretary**
> **(a) Preparation of return by Secretary**
> **If any person shall fail to make a return required by this title or by regulations prescribed thereunder, but _shall consent_ to disclose all information necessary for the preparation thereof, then, and in that case, the Secretary may prepare such return, which, being signed by such person, may be received by the Secretary as the return of such person.**

> **Title 15 Sec 17 The labor of a human being is not a commodity or article of commerce.**

"Lack of jurisdiction cannot be cured by consent or waived by entry of a guilty plea; doctrine of waiver cannot be effective when court lacks jurisdiction over the case itself." Harrell v. State, 721 So.2d 1185 rehearing denied , review dismissed 728 So.2d 205 (1998)

"Internal Revenue Service *does not enjoy inherent authority to summon production of private papers* of citizens, but may only exercise that authority granted by Congress." U. S. v. LaSalle Nat. Bank, U.S.Ill. 1978, 98 S.Ct. 2357, 437 U.S. 298, 57 L.Ed.2d 221, on remand.

"Disclosures to Internal Revenue Service agent, revenue or special, *must be entirely voluntary* and *must not be induced by coercion, fraud or misrepresentations.*" Cohen v. U.S., C.A.8 (Mo.) 1968, 405 F.2d 34, certiorari denied 89 S.Ct. 1274, 394 U.S. 943, 22 L.Ed.2d 478.

"Under this section authorizing internal revenue agents to summon records pertaining to a taxpayer's liability, adequate protection against violation of taxpayer's constitutional rights is afforded by safeguarding his records against illegal search and seizure and by enforcement of law against self-incrimination." In re Magnus, Mabee & Reynard, Inc., C.A.2 (N.Y.) 1962, 311 F.2d 12, certiorari denied 83 S.Ct. 1289, 373 U.S. 902, 10 L.Ed.2d 198.

"Our system of taxation is based upon *voluntary* assessment and payment, *not upon distraint.*" Flora v. US, 362 US 145  (1959).

"Included in the right of personal liberty and the right of private property- partaking of the nature of each- is the right to make contracts for the acquisition of property.  Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property."  Coppage v. Kansas, 236 U.S. 1 (1915)

"It has long been established that a State may not impose a penalty upon those who exercise a right guaranteed by the Constitution." Frost & Frost Trucking Co. v. Railroad Comm'n of California 271 U.S. 583 (1926)

"One of the unique features of our democracy is the generation of tax revenues through a system of individual *self-assessment*." Mark W. Everson, IRS Commissioner 2003 1040 Instructions

"Our tax system is based on individual *self assessment* and *voluntary* compliance." Mortimer Caplin, IRS Commissioner, 1975 Internal Revenue Audit Manual

"Let me point this out now. This is where the structure differs. *Your income tax is a 100% voluntary tax* and your *liquor tax* (A.T.F.) *is a 100% enforced* tax. Now the situation is as different as night and day. Consequently, your same rules simply will not apply." February 3, 1953, page 13, Congressional Record, Dwight E. Avis, Director of Alcohol, Tobacco & Firearms, Investigation of the IRS and It's Laws, House Ways & Means Committee:

3. Plaintiff has failed to respond to Declarant's Honest Inquiry One certified and attested to as delivered to petitioner February 15, 2006 and here certified and attested to as re-delivered March 6, 2006 certified mail # 71072085947011010995 (copy of certified mail return receipt Exhibit 1) and as such is in default and by such action and failure to rebut agrees with Declarant's statements indicating there is no jurisdiction in this matter and thus operates estoppel.  Declarant hereby files an Affidavit of Default and Acquiescence (Exhibit 9).  Declarant and his wife are the only first hand witnesses to make any statements in this case as plaintiff has failed to appear or respond to any inquiries.  Statements of counsel are simply statements in brief or argument and are not testimony per Trinsey v Pagliaro, 229 F.Supp. 647.  In further consideration, counsel falsely stated in the

**PETITION** in number 13 "The books, papers, records, or other data sought by the summons are _not_ already in the possession of the Internal Revenue Service." This is incorrect as on the face of every W-2 and 1099 as can be verified from any copy received it states and witnesses that "This information is being furnished to the Internal Revenue Service." To suppose that these organizations would make such statements falsely is unthinkable. Statements of the IRS are not sufficient to rebut Declarant's first hand testimony. In fact, as can be seen on Agent's **DECLARATION** in number 2 "I am conducting an investigation into the tax liability of Larry B. Golson…" in number 3 "In furtherance of the above investigation and in accordance with section 7602 of Title 26…" and then in number 4 "In accordance with section 7603 of Title 26…" but said Revenue Agent and, one must believe petitioner, knows full well that the "person" in section 7602 can not be, and is not by law, the same as the "_third-party recordkeeper_" defined in section 7603. This is deception, dishonesty and misapplication of the law. Such testimony represents perjury. Further, the entity identified in section 7602 would by lawful definition be a _person created by law (_an artificial person) as defined in section 7701 which reads:

> **Definitions (a) (1) Person The term "person" shall be construed to mean and include an _individual,_ a trust, estate, partnership, association, company or corporation.**

> **Black's Law Dictionary, 5th Edition Individual. As a noun, this term denotes a single person as distinguished from a group or class, and also, very commonly, a private or natural person _as distinguished_ from a partnership, corporation, or association; but it is said that _this restrictive signfication is not necessarily inherent in the word, and that it may, in proper cases, include artificial persons_.**

> **Black's Law Dictionary, 5th Edition Artificial Persons. _Persons created by and devised by human laws_ for the purposes of society and government, _as distinguished from_ natural persons. _Corporations are examples of artificial persons._**

> **Black's Law Dictionary, 5th Edition Ejusdem generis. Of the same kind, class, or nature. _In the construction of laws_, wills, and other instruments, the "ejusdem generis rule" is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, _such general words are not to be construed in their widest extent_, but are to be held as applying _only to persons or things of the same general kind or class as those specifically mentioned_." U.S. v. LaBrecque, D.C.N.J., 419 F.Supp 430, 432; Aleksich v. Industrial Accident Fund, 116 Mont. 127, 151 P.2d 1016, 1021**

> **Black's Law Dictionary, 5th Edition Noscitur a sociis. It is known from its associates. The meaning of a word is or may be known from the accompanying words. Under the doctrine of "noscitur a sociis", _the meaning of questionable words or phrases in a statute may be ascertained by reference to the meaning of words or phrases associated with it_. Wong Kam Wo v. Dulles, C.A. Hawaii, 236 F.2d 622, 626**

> **Black's Law Dictionary, 5th Edition Inclusio unius est exclusio alterius. The inclusion of one is the exclusion of another. _The certain designation of one person is an absolute exclusion of all others_. Burgin v. Forbes, 293, Ky. 456, 169 S.W.2d 321, 325**

This understanding is supported by the Parallel Table of Authorities

http://www.gpo.gov/nara/cfr/parallel/parallel_table.html which states under 26 U.S.C.:

7602....................................27 Parts 29, 46, 296

Part 29 being **STILLS AND MISCELLANEOUS REGULATIONS,** Part 46 **MISCELLANEOUS REGULATIONS**

**RELATING TO TOBACCO PRODUCTS AND CIGARETTE PAPERS AND TUBES** and Part 296

**MISCELLANEOUS REGULATIONS RELATING TO TOBACCO PRODUCTS AND CIGARETTE PAPERS AND**

**TUBES.** Declarant and his wife certify and attest they are not "third-party recordkeepers" as that term is defined

and, as was stated in testimony before the court and presented in an affidavit and notified on returned papers, are

not artificial persons created by law and therefore not "persons" as defined in Title 26 and specifically section

7602 but are a private, natural man and woman.

> **"Parties cannot confer subject matter jurisdiction upon judicial tribunal by either acquiescence or consent; nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of parties." State v. Trevino, 556 N.W.2d 638, 251 Neb. 344 (1996)**

> **"Internal Revenue Service _does not enjoy inherent authority to summon production of private papers_ of citizens, but may only exercise that authority granted by Congress." U. S. v. LaSalle Nat. Bank, U.S.Ill. 1978, 98 S.Ct. 2357, 437 U.S. 298, 57 L.Ed.2d 221, on remand.**

> **"Thus, where the Congress prohibits the commencement of a civil action unless certain specific acts are performed, this Court has no jurisdiction over the subject matter until the requisite conditions are met in fact and such compliance is shown by the pleadings and, where necessary, established by proof. ... [B]ut the mere allegation of facts necessary for jurisdiction without supporting proof is fatally defective. ... This Court holds that 26 U.S.C. Section 7401 requirements constitute facts essential to jurisdiction. The failure to prove jurisdictional facts when specifically denied is fatal to the maintenance of this action." [U.S.A. v. One 1972 Cadillac Coupe De Ville] [355 F.Supp. 513, 515 (1973)]**

> **"we are of the opinion that there is a clear distinction in this particular between an individual and a corporation, and that the latter has no Right to refuse to submit its books and papers for an examination at suit of the State. The individual may stand upon his constitutional [sic] {guaranteed} Rights as a citizen. He is entitled to carry on his private business in his own way. His power to contract is unlimited." "He owes no such duty to the State, since he receives nothing therefrom, beyond the protection of his life and property." Hale v. Henkel , 201 U.S. 43, 74 (1906)**

> **"in common usage, the term "person" does not include the Sovereign, statutes employing the word person are ordinarily construed to exclude the Sovereign." Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979) (quoting United States v. Cooper Corp., 312 U.S. 600, 604 (1941)). See also United States v. Mine Workers, 330 U.S. 258, 275 (1947).**

> **"..._irrebuttable presumptions have long been disfavored_ under the Due Process Clauses of the Fifth and Fourteenth Amendments." 412 U.S. 441 (1973)**

> **"The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, _that his testimony, if introduced, would be adverse to his interests._" citing Meier v CIR, 199 F 2d 392, 396 (8th Cir. 1952) (quoting 20 Am Jur, Evidence Sec 190, page 193.**

"Silence can only be equated with _fraud_ where there is a legal or moral duty to speak, or _where an inquiry left unanswered would be intentionally misleading_. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

"Absent required colloquy by magistrate judge, language printed on consent form _was not sufficient to inform defendant of his rights_ under statute allowing defendant charged with misdemeanor to waive trial before district judge and to elect trial before magistrate judge, where the relevant portion of the consent form was three sentences long, and only one of the sentences addressed defendant's right to an Article III judge." U.S.C.A. Const. Art. 3, sec. 1 etseq; 18 U.S.C.A. sec 3401(b); FRCrP 58(b)(2), (b)(3)(A), 18 U.S.C.A. U.S. v. Gochis 196 F.R.D. 519 (2000)

Where the court is without jurisdiction, it has no authority to do anything other than to dismiss the case." Fontenot v. State, 932 S.W.2d 185

"Jurisdiction means the power of a court to hear and determine a cause, which power is conferred by a constitution or a statute, or both." Penn v. Com. 528 S.E.2d 179, 32 Va.App. 422 (2000)

"As a prerequisite for presiding over a case, a court must have jurisdiction over the subject matter of an offense and of the person of the defendant; that is, two jurisdictional requirements must be satisfied before a court has authority to hear and determine a particular cause of action." Malone v. Com., 30 S.W.3d 180 (2000)

"Lack of subject matter jurisdiction is a non-waivable defect which may be raised at any stage of the proceedings." State v. LaPier, 961 P.2d 1274, 289 Mont. 392, 1998 MT 174 (1998)

"Ruling made in absence of subject matter jurisdiction is a nullity." State v. Dvorak, 574 N.W.2d 492, 254 Neb. 87 (1998)

"Lack of jurisdiction cannot be cured by consent or waived by entry of a guilty plea; doctrine of waiver cannot be effective when court lacks jurisdiction over the case itself." Harrell v. State, 721 So.2d 1185 rehearing denied , review dismissed 728 So.2d 205 (1998)

"Appearance ticket is not accusatory instrument and its filing does not confer jurisdiction over defendant." People v. Gabbay, 670 N.Y.S.2d 962, 175 Misc.2d 421 appeal denied 678 N.Y.S.2d 26, 92 N.Y.2d 879, 700 N.E.2d 564 (1997)

"Jurisdiction can not be conferred to court by agreement of parties." Akins v. State, 691 So.2d 587 (1997)

"Parties cannot confer subject matter jurisdiction upon judicial tribunal by either acquiescence or consent; nor may subject matter jurisdiction be created by waiver, estoppel, consent, or conduct of parties." State v. Trevino, 556 N.W.2d 638, 251 Neb. 344 (1996)

 "The guaranty of `equal protection of the laws is a pledge of the protection of equal laws.'" Skinner v. Oklahoma ex rel. Williamson, 316 U.S. 535, 541 (1942)

"However late this objection has been made, or may be made in any cause, in an inferior or appellate court of the United States, it must be considered and decided, before any court can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. Jurisdiction is the power to hear and determine the subject matter in controversy between parties to a suit, to adjudicate or exercise any judicial power over them; the question is, whether on the case before a court, their action is judicial or extra-judicial; with or without the authority of law, to render a judgment or decree upon the rights of the litigant parties." 37 US 657, 718. (1838)

4. Attached is the letter (Exhibit 2) sent when Honest Inquiry One was re-delivered.  It provides notice of, among other things, that said summons as presented by plaintiff is a "Third Party Summons" and, more specifically, for "third-party recordkeepers".  The term "third-party recordkeeper" is narrowly defined in the summons per **Sec. 7603. Service of Summons.**  In fact, there is no corresponding regulation according to the Parallel Table of Authorities http://www.gpo.gov/nara/cfr/parallel/parallel_table.html.  Declarant and his wife certify and attest that they are not any of the "third-party recordkeepers" as that term is defined in those definitions.  Declarant again notices the court that this summons is for Sec. 7602 which specifically is for artificial persons created by law specifically involved in Subtitle E Title 27 activities as described in Declarant's Honest Inquiry One and per the Parallel Table of Authorities.  Declarant and his wife certify and attest that they are not artificial persons created by law involved in any Subtitle E Title 27 activity.

"**Appearance ticket is not accusatory instrument and its filing does not confer jurisdiction over defendant.**" People v. Gabbay, 670 N.Y.S.2d 962, 175 Misc.2d 421 appeal denied 678 N.Y.S.2d 26, 92 N.Y.2d 879, 700 N.E.2d 564 (1997)

"**Internal Revenue Service _does not enjoy inherent authority to summon production of private papers_ of citizens, but may only exercise that authority granted by Congress.**" U. S. v. LaSalle Nat. Bank, U.S.Ill.1978, 98 S.Ct. 2357, 437 U.S. 298, 57 L.Ed.2d 221, on remand.

"**Disclosures to Internal Revenue Service agent, revenue or special, _must be entirely voluntary_ and _must not be induced by coercion, fraud or misrepresentations_.**" Cohen v. U.S., C.A.8 (Mo.) 1968, 405 F.2d 34, certiorari denied 89 S.Ct. 1274, 394 U.S. 943, 22 L.Ed.2d 478.

"**Our system of taxation is based upon voluntary assessment and payment, _not upon distraint_.**" Flora v. US, 362 US 145  (1959).

"**The Schlesinger Case has since been applied many times by the lower federal courts, by the Board of Tax Appeals, and by state courts; and none of them seem to have been at any loss to understand the basis of the decision, namely, that _a statute which imposes a tax upon an assumption of fact which the taxpayer is forbidden to controvert is so arbitrary and unreasonable that it cannot stand under the Fourteenth Amendment_.**" Heiner v. Donnan, 285 U.S. 312 (1932)

"**While this court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes not merely _freedom from bodily restraint_ but also the right of the individual to contract, _to engage in any of the common occupations of life_, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally _to enjoy those privileges long recognized at common law_ as essential to the orderly pursuit of happiness by free men. Slaughter-House Cases, 16 Wall. 36; Butchers' Union Co. v. Crescent City Co ., 111 U.S. 746 , 4 Sup. Ct. 652; Yick Wo v. Hopkins, 118 U.S. 356 , 6 Sup. Ct. 1064; Minnesota v. Bar er, 136 U.S. 313 , 10 Sup. Ct. 862; Allegeyer v. Louisiana, 165 U.S. 578 , 17 Sup. Ct. 427; Lochner v. New York, 198 U.S. 45 , 25 Sup. Ct. 539, 3 Ann. Cas. 1133; Twining v. New Jersey 211 U.S. 78 , 29 Sup. Ct. 14; Chicago, B. & Q. R. R. v. McGuire, 219 U.S. 549 , 31 Sup. Ct. 259; Truax v. Raich, 239 U.S. 33 , 36 Sup. Ct. 7, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Adams v. Tanner, 224 U.S. 590 , 37 Sup. Ct. 662, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; New York Life Ins. Co. v. Dodge, 246 U.S. 357 , 38 Sup. Ct. 337, Ann. Cas. 1918E, 593; Truax v. Corrigan, 257 U.S. 312 , 42 Sup. Ct. 124; Adkins v. Children's Hospital (April 9, 1923), 261 U.S. 525 , 43 Sup. Ct. 394, 67 L. Ed. --; Wyeth v. Cambridge Board of Health, 200 Mass. 474, 86 N. E. 925, 128 Am. St. Rep. 439, 23 L. R. A. (N. S.) 147.**" Meyer v. State of Nebraska, 262 U.S. 390, 399  (1923)

"In the interpretation of statutes levying taxes it is the established rule _not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government_, and in favor of the citizen. United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, 141 U.S. 468, 474 , 12 S. Sup. Ct. 55; Benziger v. United States, 192 U.S. 38, 55 , 24 S. Sup. Ct. 189." Also see Spreckels Sugar Refining Co. v. McClain, 192 U.S. 397, 417 (1904). Gould v. Gould , 245 U.S. 151 (1917)

5. Declarant notices the court of the failure of the initiator of this summons in the form of it's representatives (including Heidi Beukema, her supervisor, counsel and Commissioner among others) to respond and has defaulted (Exhibits 3, 4, 5, 6 and 7) as well as the Secretary of the Treasury (Exhibit 8). Declarant certifies and attest all documents were delivered per the certified mail receipts included with the exhibits, that none have responded, and files Affidavits of Default and Acquiescence (Exhibit 10, 11 and 12) with this court. Declarant performed pursuant to **Ryder v The United States 115, S.Ct. 2031, 132 L.Ed d 136 515 US 177 (1995)**. The court is to take notice that _**all**_ documents clearly state in the footer that they are "**made part of the Public Record and will be used for evidence**". By default and for failure to rebut all parties agree with Declarant's statements which means there is no jurisdiction in this matter and further the Commissioner has agreed to be barred from the use of Title 26 as evidence against Declarant. Declarant notices the court that **26CFR601.201 (a)(1)** states, "It is the practice of the Internal Revenue Service to _**answer inquiries**_ of _**individuals and organizations**_, whenever appropriate in the interest of sound tax administration, as their _**status**_ for tax purposes and as to the tax effects of their _**acts or transactions**_." Further, the IRS Mission is to "Provide America's _**taxpayers**_ top quality _**service**_ by helping them _**understand**_ and meet their tax responsibilities and by applying the tax law with _**integrity**_ and fairness to all." Declarant further notices the court that this provides substantial evidence that Declarant and/or his wife are not individuals, organizations or taxpayers as those terms are defined as the Internal Revenue service would by regulation and mission answer inquiries about said status and otherwise help understand. The fact that this process lacks integrity is also clear and operates estoppel. As further evidence of why there is no response one can look at the Treasury Orders http://www.treas.gov/regs/td00-02.htm, specifically 150-25 and 150-09. Treasury Order 150-25 dated March 8, 1951 **SUNSET REVIEW: TBD** delegates authority to the Commissioner of Internal Revenue. Per that delegation order powers and duties may only be exercised by an "officer or agent of the Bureau of Internal Revenue" per section 3791 (b) of the 1939 Code. 3791 (b) is specifically for **INSPECTION OF LIVE CATTLE AND MEAT**. Treasury Order 150-09 August 17, 1954 **SUNSET REVIEW: TBD** elaborates and states "shall _**not**_ be construed as delegating to any officer or employee of the

Internal Revenue Service **any** function existing under the Internal Revenue Code…" Searching the other Treasury Orders one finds only three delegating authority to any Internal Revenue Service agent. They specifically give Internal Revenue Service Agents authority (150-15 December 13,1979 **SUNSET REVIEW: TBD**) "under subsection 7803(c) of the Internal Revenue Code of 1954, *relating to any officer or employee of the Treasury* who fails to account for and pay over any amounts of money or property collected or received in connection with the Internal Revenue Laws." (150-08 March 5,1954 **SUNSET REVIEW: TBD**) "to approve administratively Revenue Accounts Current (Form 79) and Accounts Current (Standard Form 1019) and (150-39 July 17, 2002 **Sunset Review: July 17, 2007**) "to act as the competent **authority** or taxation authority under tax coordination agreements and tax implementation agreements with the **possessions** of the United States." under the authority of section 7803(a)(2). This is 100% consistent with the Constitution, the law, the court rulings and the other Treasury Orders as previously shown. Of course this is fully supported by the Internal Revenue Manual http://www.irs.gov/irm/index.html in **5.18.1.2 What is ASFR** and **5.18.2 Business Returns**.

"Threshold issue of whether court has jurisdiction to resolve pending controversy is fundamental and cannot be ignored; accordingly, court may sua sponte address issue, as subject matter jurisdiction cannot be conferred by agreement of parties, but must be vested in court by constitution or statute." State v. Roberts, 940 S.W.2d 655, on remand 1997 WL334879. (1996)

"...that when it came to tax law, because of the complexity of tax law, that the rights of such persons were different, were not the same as with the common law, but were greater as to the right to know and understand the tax laws on a more through basis." Cheek v. United States 498 U.S. 192 (1991)

"Our system of taxation is based upon voluntary assessment and payment, not upon distraint." Flora v. US, 362 US 145 (1959).

"Inherent in these provisions is the concept that the public is entitled to be informed as to the procedures and practices of a government agency, so as to be able to govern their actions accordingly" Berends v. Butz 357 F.Supp.144 (D. Minn. 1973)

"The law creates a presumption, where the burden is on a party to prove a material fact peculiarly within his knowledge and he fails without excuse to testify, *that his testimony, if introduced, would be adverse to his interests*." citing Meier v CIR, 199 F 2d 392, 396 (8th Cir. 1952) (quoting 20 Am Jur, Evidence Sec 190, page 193.

"An instrumentality of Government he might be and for the greatest ends, but the agent, because he is agent, does not cease to be answerable for his acts." Brady v. Roosevelt Steamship Co., 317 U.S. 575 (1943)

"Silence can only be equated with fraud where there is a legal or moral duty to speak, *or where an inquiry left unanswered would be intentionally misleading*. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

6. Declarant has made substantial effort to determine the exact nature and authority of the law cited. By law and agreed to by plaintiff's default and lack of rebuttal this summons specifically applies to artificial entities and property located within the geographic United States (i.e. Washington DC, other federal lands, US possessions and territory (States)). This understanding is fully supported by the documents submitted by the petitioner as well as those provided by Declarant and as such would not be beholden upon Declarant or his wife. Declarant and his wife have previously and now do certify and attest that they are neither artificial entities nor representatives of any artificial entities as defined in Title 26. Attached find a **UNITED STATES DISTRICT COURT** Subpoena form (Exhibit 13). On the second page **DECLARATION OF SERVER** the language used is "I declare under penalty of perjury *under the laws of the United States of America* that the foregoing information contained in the Proof of Service is true and correct." Title 28 Sec. 1746 reads:

> **Sec. 1746. Unsworn declarations under penalty of perjury**
> **(1) If executed *without the United States*:** "I declare (or certify, verify, or state) under penalty of perjury *under the laws of the United States of America* that the foregoing is true and correct. Executed on (date).
>
> **(2) If executed *within the United States, its territories, possessions, or commonwealths*:** "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date).

Further in support of this understanding Declarant provides Title 28 Sec 297 which reads:

> **Sec. 297. Assignment of judges to courts of the freely associated compact states**
>
> **(a) The Chief Justice or the chief judge of the United States Court of Appeals for the Ninth Circuit may assign any circuit or district judge of the Ninth Circuit, with the consent of the judge so assigned, to serve temporarily as a judge of any duly constituted court of the *freely associated compact states* whenever an official duly authorized by the laws of the respective compact state requests such assignment and such assignment is necessary for the proper dispatch of the business of the respective court.**
> **(b) The Congress consents to the acceptance and retention by any judge so authorized of reimbursement *from the countries referred to in subsection (a)* of all necessary travel expenses, including transportation, and of subsistence, or of a reasonable per diem allowance in lieu of subsistence. The judge shall report to the Administrative Office of the United States Courts any amount received pursuant to this subsection.**
>
> **"The States between each other are sovereign and independent. They are distinct and separate sovereignties, except so far as they have parted with some of the attributes of sovereignty by the Constitution. *They continue to be nations*, with all their rights, and under all their national obligations, and with all the rights of nations in every particular; except in the surrender by each to the common purposes and objects of the Union, under the Constitution. The rights of each State, when not so yielded up, remain absolute." Bank of Augusta v. Earle, 38 U.S. (13 Pet.) 519; 10 L.Ed. 274 (1839)**

The **UNITED STATES DISTRICT COURT** is per the Supreme Court (Mookini v.United States 303 U.S. 201 (1938)) a Constitutional Article III court as cited by Sec 7402 (b) by plaintiff. The **DISTRICT COURT OF THE UNITED STATES** is per the Supreme Court (Balzac v. People of Porto Rico 258 U.S. 298 (1922)) a

Constitutional Article I Sec 8 (territorial) court.  This is clearly in sync with section 7651 and 7701.

Declarant and his wife certify and attest that they were not born and have never lived, resided, worked, been employed, owned any property or received any benefits from (or by any other terms used) within the United States as defined.  Declarant's testimony before this court and hereby certified and attested is that he works for a compact (Union) State company and is not employed by the United States or any agency thereof and has never been and that his wife is not employed in any sense that the term may be defined and has never been employed by the United States or any agency thereof.  Declarant and his wife certify and attest that separately or jointly they are not an artificial entity of any kind and have not knowingly, willingly, voluntarily or with consent chartered as such within the United States as defined and denies the existence of any such charter or artificial entity of which they would be a part or representative thereof. Per the Constitution Declarant and his wife were born C̲itizens of two of the freely associated compact (Union) States (nations/countries) and have not knowingly, willingly, voluntarily or with consent become c̲itizens of the United States as that term is defined.  The Constitution cites C̲itizen in numerous locations including Article I Section 2, Section 3, Article II Section 1, Article III Section 2, Article IV Section 2, and Amendment XI.  Capitalization indicates a proper noun. The term "c̲itizen" as a common noun is not introduced until Amendment IV and indicates a citizen (thing) created by the United States.  Declarant and his wife certify and attest they have never filed any application for or taken any oaths as would be required to become a c̲itizen as defined.  Such declarations would be required to be filed with the Secretary of State's office and Declarant and his wife certify and attest that they have not done so. Attached (Exhibit 14) is a form **N-400 Application for Naturalization**.  Declarant cites as proof of this difference page 5 **Part 8** which clearly indicates a difference where **C., D.,** and **E.** state "U.S. c̲itizen" as opposed to **F.** and **G.** which clearly state "U.S. C̲itizen".  Further, and as noted in title 28 Sec. 1746 the Signature sections on page 10 also reflect the same understanding and it is further noted an oath to support the Constitution among others is required.

**"Trial court acts without jurisdiction when it acts without inherent or common law authority, nor any authority by statute or rule." State v. Rodriguez, 725 A.2d 635, 125 Md.App 428, cert den 731 A.2d 971, 354 Md. 573 (1999)**

**"The "constitutionally mandated balance of power" between the States and the Federal Government was adopted by the Framers to ensure protection of "our fundamental liberties."' Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242 (1985)**

"Both before and after the Fourteenth Amendment to the federal Constitution, *it has not been necessary for a person to be a citizen of the United States in order to be a citizen of his state*." Crosse v. Bd. of Supervisors, 221 A.2d 431 (1966)

"in common usage, the term "person" does not include the Sovereign, statutes employing the word person are ordinarily construed to exclude the Sovereign." Wilson v. Omaha Tribe, 442 U.S. 653, 667 (1979) (quoting United States v. Cooper Corp., 312 U.S. 600, 604 (1941)). See also United States v. Mine Workers, 330 U.S. 258, 275 (1947).

"That there is a citizenship of the United States and citizenship of a state,..." Tashiro v. Jordan, 201 Cal. 236 (1927)

"Congress cannot by any definition it may adopt conclude the matter, since it cannot by legislation alter the Constitution, from which alone it derives its power to legislate, and within whose limitations alone that power can be lawfully exercised." Eisner vs. Macomber 252 U.S. 189 (1920)

"...the following propositions may be considered as *established*:
3. That the *District of Columbia and the territories are states* as that word is used in treaties with foreign powers, with respect to the ownership, disposition, and inheritance of property;"  Downes v. Bidwell, 182 U.S. 244, (1901)

"It would be absurd to hold that the territories, which are much less independent than the states, and are under the direct control and tutelage of the general government, possess a power in this particular which is thus expressly forbidden to the states." Downes v. Bidwell, 182 U.S. 244 (1901)

 "...he was not a citizen of the United States, he was a citizen and voter of the State,...." "One may be a citizen of a State an yet not a citizen of the United States" McDonel v. The State, 90 Ind. 320 (1883)

 "The laws of Congress in respect to those matters *do not extend into the territorial limits of the states*, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." Caha v. United States, 152 U.S. 211, 215, 14 S. Ct. 513 (1894)

"an individual can be a Citizen of one of the several States without being a citizen of the United States," (U.S. v. Anthony, 24 Fed. Cas. 829, 830), or, "*a citizen of the United States without being a Citizen of a State*." (Slaughter-House Cases, supra; cf. U.S. v. Cruikshank, 92 US 542, 549 (1875)).

"It is quite clear, then, that there is a citizenship of the United States and a citizenship of a state, which are distinct from each other and which depend upon different characteristics or circumstances of the individual. . . . Of the privileges and immunities of the citizens of the United States and of the privileges and immunities of the citizen of the state, and what they respectfully are, we will presently consider; but we wish to state here that it is only the former which are placed by this clause under the protection of the Federal Constitution, and the latter, whatever they may be, are not intended to have any additional protection by this paragraph of the amendment (Amendment XIV)." Slaughter-House ibid

 "Special provision is made in the constitution, for the cession of jurisdiction from the states over places where the federal government shall establish forts, or other military works. And it is *only in these places, or in the territories of the United States*, where it can exercise a general jurisdiction." Mayor, Aldermen and Inhabitants of New Orleans v. U S, 35 U.S. 662 (1836)

"In the United States of America, there are two (2) separated and distinct jurisdictions, such being the jurisdiction of the states within their own state boundaries, and the other being federal jurisdiction (United States), *which is limited to the District of Columbia, the U.S. Territories, and federal enclaves within the states*, under Article I, Section 8, Clause 17." U.S. v. Bevans, 16 U.S. (3 WHEAT) 336 (1818), reaff. 19 U.S.C.A., section 1401(h).

7. Declarant and his wife certify and attest they have **_no_** contracts with any of the parties involved including the court and specifically asked petitioner on February 27, 2006 if there was a contract involved with this matter to which the petitioner replied "no". Declarant understands that in civil court everything is based on a contract. Plaintiff has failed to produce a "contract" bearing an authorized signature to obtain standing. It would be impossible for Declarant or his wife to have a contract with the Plaintiff as the Plaintiff is some type of an artificial entity that can not write or sign documents though the use of the name would appear to be in violation of the Constitution as terms defined therein can not be redefined later by Congress. Proceeding without a duly signed contract is "non est factum" (not of my doing) and would constitute involuntary servitude (see **Clyatt v. U.S., 197 U.S. 107; Bailey v. State of Alabama 219 U.S. 219; U.S. v. Ike Kozminsky et al 487 US 931, 934**).

> **"Our system of taxation is based upon voluntary assessment and payment, not upon distraint." Flora v. US, 362 US 145 (1959).**

> **"The individual may stand upon his constitutional Rights as a citizen. He is entitled to carry on his private business in his own way. " "He owes no such duty to the State, since he receives nothing therefrom, beyond the protection of his life and property." Hale v. Henkel , 201 U.S. 43 (1906)**

8. In statements made to Declarant previously and on February 27, 2006 petitioner specifically stated this was an administrative action or procedure. Declarant and his wife certify and attest that they have never worked, been employed, owned any property or received any benefits from (or by any other terms used) the United States or any agency thereof as defined. Declarant and his wife have not received privileges or benefits from the United States or any agency thereof in the civilian or military sectors.

> **"I therefore recommend to the Congress, that both Houses by a two-thirds vote, shall propose an amendment to the Constitution conferring the power to levy an income tax _upon the National Government_..." President Taft, Senate 61st Congress, 1st Session Document No. 98 June 16,1909**

> **CHAPTER 24—COLLECTION OF INCOME TAX AT SOURCE ON WAGES**
> **SEC. 3401. DEFINITIONS**
> **(c) EMPLOYEE.—For purposes of this chapter, the term "employee" includes an officer, employee, or elected official of the United States, a State, Territory, or any political subdivision thereof, or the District of Columbia, or any agency or instrumentality of any one or more of the foregoing. The term "employee" also includes an officer of a corporation..**

> **"Our system of taxation is based upon voluntary assessment and payment, not upon distraint." Flora v. US, 362 US 145 (1959).**

> **"Included in the right of personal liberty and the right of private property- partaking of the nature of each- is the right to make contracts for the acquisition of property. Chief among such contracts is that of personal employment, by which labor and other services are exchanged for money or other forms of property." Coppage v. Kansas, 236 U.S. 1 (1915)**

"It presents only the artificial person, instead of the natural persons, who spoke it into existence. A State I cheerfully admit, is the noblest work of Man: But, Man himself, free and honest, is, I speak as to this world, the noblest work of God." Chisholm v. State of Ga., 2 U.S. 419 (1793)

9. Plaintiff has failed to appear at any hearings and has failed to respond to any inquiries. Plaintiff has by default

and failure to rebut agreed with Declarant and forfeited all claims by these actions and this operates estoppel.

"Held: The State's use of Sylvia's statement violated the Confrontation Clause because, where testimonial statements are at issue, the only indicium of reliability sufficient to satisfy constitutional demands is confrontation. Pp. 5-33. (a) The Confrontation Clause's text does not alone resolve this case, so this Court turns to the Clause's historical background. That history supports two principles. First, the principal evil at which the Clause was directed was the civil-law mode of criminal procedure, particularly the use of ex parte examinations as evidence against the accused. The Clause's primary object is testimonial hearsay, and interrogations by law enforcement officers fall squarely within that class. Second, the Framers would not have allowed admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination. English authorities and early state cases indicate that this was the common law at the time of the founding. And the "right ... to be confronted with the witnesses against him," Amdt. 6, is most naturally read as a reference to the common-law right of confrontation, admitting only those exceptions established at the time of the founding. See Mattox v. United States, 156 U. S. 237, 243. Pp. 5-21." Crawford v. Washington U.S. Supreme Court No. 02-9410. Argued November 10, 2003-- Decided March 8, 2004

"Silence can only be equated with fraud where there is a legal or moral duty to speak, _or where an inquiry left unanswered would be intentionally misleading_. . . We cannot condone this shocking behavior by the IRS. Our revenue system is based on the good faith of the taxpayer and the taxpayers should be able to expect the same from the government in its enforcement and collection activities." U.S. v. Tweel, 550 F.2d 297, 299. See also U.S. v. Prudden, 424 F.2d 1021, 1032; Carmine v. Bowen, 64 A. 932.

10. The Internal Revenue Service through it's representatives is canvassing per section 7601 outside the districts

as specifically defined in section 7621. The only districts defined per that section are in the District of Columbia.

No other districts exist and this is fully supported by Treasury Order 150-02 which cancelled Treasury Order 150-

01 which had established 33 districts. Declarant and his wife certify they were not born, have never lived,

resided, worked, been employed, owned any property or received any benefits (or by any other terms used) within

such district as defined and that their name was gotten unlawfully. Declarant certifies that their names were

gotten by the IRS representative initially from either the internet or from a list of people who purchased a book

(see Exhibit 15) neither of which is in said district and therefore unlawfully and unConstitutionally obtained. It

would also appear to be a violation of Constitutionally protected rights.

11. The Internal Revenue Service through it's representatives is operating outside the statutory authorization

provided under section 7651 which clearly limits such activity to the ``United States'' when used in a geographical

sense and specifically states those places where applicable which does not include the 50 Union (Nation) States.

There exist no other authorization for such activities.

"The laws of Congress in respect to those matters *do not extend into the territorial limits of the states*, but have force only in the District of Columbia, and other places that are within the exclusive jurisdiction of the national government." Caha v. United States, 152 U.S. 211, 215, 14 S. Ct. 513 (1894)

Black's Law Dictionary, 5th Edition Inclusio unius est exclusio alterius. The inclusion of one is the exclusion of another. The certain designation of one person [or thing] is an absolute exclusion of all others. Burgin v. Forbes, 293, Ky. 456, 169 S.W.2d 321, 325. (emphasis added)

Black's Law Dictionary, 5th Edition Ejusdem generis. Of the same kind, class, or nature. In the construction of laws, wills, and other instruments, the "ejusdem generis rule" is, that where general words follow an enumeration of persons or things, by words of a particular and specific meaning, such general words are not to be construed in their widest extent, but are to be held as applying only to persons or things of the same general kind or class as those specifically mentioned." U.S. v. LaBrecque, D.C.N.J., 419 F.Supp 430, 432; Aleksich v. Industrial Accident Fund, 116 Mont. 127, 151 P.2d 1016, 1021." (emphasis added)

Black's Law Dictionary, 5th Edition Noscitur a sociis. It is known from its associates. The meaning of a word is or may be known from the accompanying words. Under the doctrine of "noscitur a sociis", the meaning of questionable words or phrases in a statute may be ascertained by reference to the meaning of words or phrases associated with it. Wong Kam Wo v. Dulles, C.A. Hawaii, 236 F.2d 622, 626. (emphasis added)

12.  Declarant notices the court of Title 1 Sec 204 (a) which reads:

(a) United States Code.--The matter set forth in the edition of the Code of Laws of the United States current at any time shall, together with the then current supplement, if any, establish prima facie the laws of the United States, general and permanent in their nature, in force on the day preceding the commencement of the session following the last session the legislation of which is included: Provided, however, That whenever titles of such Code shall have been enacted into positive law the text thereof shall be legal evidence of the laws therein contained, in all the courts of the United States, the several States, and the Territories and insular possessions of the United States.

Declarant has a layman's understanding of such section but it is clear that even when a code is enacted

(according to the Government Printing Office http://www.gpoaccess.gov/uscode/about.html and the Office of the

Law Revision Counsel http://uscode.house.gov/about/info.shtml Title 26 is not enacted but is rather a "special"

code) it is still only legal evidence of the laws in courts of the United States, the several States, and the Territories

and insular possessions of the United States this being the definition of the term when used in a geographical

sense as so often referenced.  It does not say "any, each, or all" States.  Given the Constitution and it's

definitions, the law as written in Title 26 sections 7621, 7651, 7701, etc., Title 28 sec. 1746 and 297, dictionary

definitions, the Supreme Court rulings and the Treasury Orders, Parallel Table of Authorities, etc. this certainly

appears to exclude the Union (nation/country) States.

The American Heritage® Dictionary of the English Language, Fourth Edition **several**
1. Being of a number more than two or three but *not many*
2. Single; *distinct*: "Pshaw! said I, with an air of carelessness, three several times" (Laurence Sterne).
3. Respectively *different*; various: They parted and went their several ways. See Synonyms at distinct.
4. Law. Relating separately to each party of a bond or note.

Ballentine's Law Dictionary 3rd Edition **Several**. Separate and distinct, implying diversity or division. More than two but not a multitude. Sometimes deemed to include as many as *__seven__*.

The territory States are separate and distinct from (not part of) the Union of States. Declarant has studied this carefully and learned there were *__seven__* areas ceded to the Federal Government between 1781 and 1802 these being possessions claimed by New York, Virginia, North Carolina, Massachusetts, Connecticut, South Carolina and Georgia. These areas were governed by the United States and not by any of the Union States once ceded. This is the only way to make **Article IV Sec 2** which reads "The Citizens of *__each__* State shall be entitled to all Privileges and Immunities of Citizens in the *__several__* States." make sense. Further, **Article VI** states:

> The Senators and Representatives before mentioned, and the Members of the *__several__* State Legislatures, and all executive and judicial Officers, both of the United States and of the *__several__* States, *__shall be bound by Oath or Affirmation, to support this Constitution__*; but no religious Test shall ever be required as a Qualification to any Office or public Trust under the United States."

The original 13 Union State Constitutions and even other Union States after they joined did not have such oaths or affirmations. In fact, today, some Union States do not have such oaths or affirmation. Of course all the Territory States had such an oath and even today those States do. This understanding is fully supported by the States (which includes the *__several__* and *__each__*) who have Representatives versus the *__each__* States which have Senators and Electors. Further, history shows that the Bill of Rights was initiated in the Territory States for those States. This fully explains why Title 26 is written as it is with the very specific definitions for State and United States given the wording of the 16th Amendment:

> The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the *__several__* States, and without regard to any census or enumeration.

It also explains the numerous Supreme Court decisions regarding the 16th Amendment:

> "The Sixteenth Amendment declares that Congress shall have power to levy and collect taxes on income, 'from whatever source derived' without apportionment among the several states, and without regard to any census or enumeration. *__It was not the purpose or effect of that amendment to bring any new subject within the taxing power__*." Bowers v. Kerbaugh-Empire Co., 271 U.S. 170 (1926)

> "Thus the genesis and words of the amendment unite in showing that it *__does not extend the taxing power to new or excepted subjects__*, but merely removes all occasion otherwise existing for an apportionment among the states of taxes laid on income, whether derived from one source or another " Evans V. Gore, 253 U.S. 245 (1920)

"The Sixteenth Amendment, although referred to in argument, has no real bearing and may be put out of view. As pointed out in recent decisions, *it does not extend the taxing power to new or excepted subjects*, but merely removes all occasion, which otherwise might exist, for an apportionment among the states of taxes laid on income, whether it be derived from one source or another. " William E. Peck & Co. v. Lowe, 247 U.S. 165 (1918)

"The Sixteenth Amendment *does not extend the power of taxation to new or excepted subjects*" William E. Peck & Co., ibid

"the provisions of the Sixteenth Amendment conferred *no new power of taxation* but simply prohibited the previous complete and plenary power of income taxation possessed by Congress from the beginning from being taken out of the category of indirect taxation to which it inherently belonged..." Stanton v Baltic Mining Co., 240 US.103 (1916)

Of course such understanding is fully supported by other Supreme Court rulings:

"...the following propositions may be considered as established:
3. That the District of Columbia and the territories are *states* as that word is used in treaties with foreign powers, with respect to the ownership, disposition, and inheritance of property;" Downes v. Bidwell, 182 U.S. 244, (1901)

"Special provision is made in the constitution, for the cession of jurisdiction from the states over places where the federal government shall establish forts, or other military works. And *it is only in these places, or in the territories of the United States, where it can exercise a general jurisdiction*." Mayor, Aldermen and Inhabitanst of New Orleans v. U S, 35 U.S. 662 (1836)

"In the United States of America, there are two (2) separated and distinct jurisdictions, such being the jurisdiction of the states within their own state boundaries, and *the other being federal jurisdiction (United States), which is limited to the District of Columbia, the U.S. Territories, and federal enclaves within the states*, under Article I, Section 8, Clause 17." U.S. v. Bevans, 16 U.S. (3 WHEAT) 336 (1818), reaff. 19 U.S.C.A., section 1401(h).

"By that law the *several* States and Governments spread over our globe, are considered as forming a *society*, *not* a NATION. Chisholm v. Georgia, 2 Dall. (U.S.) 419, 1 L.Ed. 440 (1794)

And even more recent rulings confirm this:

"We hold that the Act exceeds the authority of Congress "[t]o regulate Commerce . . . among the several States . . . ." U.S. Const., Art. I, 8, cl. 3." United States v Lopez 514 U.S. 549 (1995)

"Dual sovereignty is a defining feature of our Nation's constitutional blueprint. See Gregory v. Ashcroft, 501 U. S. 452, 457 (1991). States, upon ratification of the Constitution, did not consent to become mere appendages of the Federal Government. Rather, they entered the Union "with their sovereignty intact." Blatchford v. Native Village of Noatak, 501 U. S. 775, 779 (1991).

"The "constitutionally mandated balance of power" between the States and the Federal Government was adopted by the Framers to ensure protection of "our fundamental liberties."' Atascadero State Hospital v. Scanlon, 473 U.S. 234, 242 (1985)

"Congress cannot by any definition it may adopt conclude the matter, since it cannot by legislation alter the Constitution, from which alone it derives its power to legislate, and within whose limitations alone that power can be lawfully exercised." Eisner vs. Macomber 252 U.S. 189 (1920)

Given that understanding, Declarant and his wife, who have never been part of the United States as that term is

defined in the relative sections, are not subjects thereof and actually it would not be incumbent upon them to

know the regulations thereof any more than they would be expected to know those for citizens of Mexico or

Canada unless they took up residence or worked there.  Of course, Title 26 not being enacted further limits the

subjects of that title.

13. Declarant notices the court that Title 26 section 7851 **Applicability of revenue laws** in (a) General rules (6)

Subtitle F **Procedure and Administration** (which is the Subtitle under which sections 7602, 7603 among others

fall) (A) General rule states:

> The provisions of subtitle F *shall take effect on the day after the date of enactment of this title*
> and shall be applicable with respect to any tax imposed by this title.

As previously noted, the Government Printing Office and the Office of Law Revision Counsel show that Title 26

has not been enacted.  As Declarant understands this does not mean it is not law but simply limits those that are

subject.  However, given section 7851(a)(6)(A) it is clear that the administration of the revenue law is not in effect.

That must be the reason the courts, the commissioners and those responsible always say it is "voluntary" or

based on "self assessment".  It must also be the reason no answers are provided.  Based on the plain language

of the law none of the sections in Subtitle F are in effect.

> "Subject matter jurisdiction may not be conferred on a federal court by stipulation, estoppel, or
> waiver." U.S. v. Burch, 169 F.3d 666. (1999)

> "In a statutory construction case, the beginning point must be the language of the statute, and
> when a statue speaks with clarity to an issue, judicial inquiry into the statute's meaning—in all but
> the most extraordinary circumstance—is finished; courts must give effect to the clear meaning of
> statutes as written." Estate of Cowart v. Nicklos Drilling Co., 505 US 120 L Ed 2d 379, 112 S Ct.
> 2589 (1992)

> "When the words of a statute are unambiguous, the first canon of statutory construction--that
> courts must presume that a legislature says in a statute what it means and means in a statute
> what it says there--is also the last, and judicial inquiry is complete." Connecticut National Bank v.
> Germain, 503 US 249 (1992)

> "The starting point for interpreting a statute is the language of the statute itself; absent a clearly
> expressed legislative intention to the contrary, that language must ordinarily be regarding as
> conclusive." Product Safety Comm'n v. GTE Sylvania, 447 US 102, 64 L Ed 2d 766, 100 S Ct. 2051
> (1980)

> "our starting point must be the language employed by Congress," Reiter v Sonotone Cortp, 442
> US 330, 337, 60 L Ed 2d 931, 99 S Ct. 2326 (1979)

> "we assume that the legislative purpose is expressed by the ordinary meaning of the words
> used." Richards v United States, 369 US 1, 9, 7 L Ed 2d 492, 82 S Ct. 585 (1962)

"The starting point in any endeavor to construe a Statute is always the words of the Statute itself; unless Congress has clearly indicated that its intentions are contrary to the words it employed in the Statute, this is the ending point of interpretation." Fuller v. United States 615 F Supp. 1054 (D.C. Cal 1985), West's Key 188 quoting Richards v. United States 369 US 1, 9, 82 S. Ct. 585, 590, 7 L.Ed. 2d 492 (1962)

"The United States Supreme Court cannot supply what Congress has studiously omitted in a statute." Federal Trade Com. V. Simplicity Pattern Co., 360 US 55, p. 55, 475042/56451 (1959)

"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. *In case of doubt they are construed most strongly against the government*, and in favor of the citizen. United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, 141 U.S. 468, 474 , 12 S. Sup. Ct. 55; Benziger v. United States, 192 U.S. 38, 55 , 24 S. Sup. Ct. 189." Also see Spreckels Sugar Refining C0. v. McClain, 192 U.S. 397, 417 (1904). Gould v. Gould , 245 U.S. 151 (1917)

13. Declarant notices the court that it must render a written declaration that includes findings of fact and conclusion of law per **Federal Maritime Commission v. South Carolina Ports Authority, 535 U.S. 743 (2002)**. No such declaration was made for the Denial of the Notice and motion to quash summons delivered to this court in the previous case and in this case. This declaration serves as a clarification to avoid misunderstanding and aid in correcting deficiencies.

## CONCLUSION

Declarant is an honest man and is trying to the best of his knowledge and ability to do right before GOD and by the Constitution and the law. His intentions are honorable and his knowledge is based on the Constitution, law, definitions, Supreme Court rulings, Treasury Orders, regulations, Internal Revenue Manual, etc. All are in complete agreement with his understanding. It is not that a part of, or a preponderance of, the evidence supports this understanding, it is that *all* of the evidence supports this understanding. Declarant's actions were based on this understanding. It has taken years of study and inquiry to reach this conclusion. Declarant is now seeking counsel with Congressional representatives and others as no one in the IRS or the Secretary of the Treasury will respond.

By failing to respond plaintiff and other parties identified have forfeited all jurisdiction and this therefore operates estoppel. It is concluded the complaint is being administered under color of law. Due process protects Citizens from government harassment unless in violation of law. No law has been identified; there being only assertions of flawed conclusions based on administrative and procedural statutes. There is absolutely no statutory obligation

that is suggested by the plaintiff.  There is no statutory authority for these actions.  There is no jurisdiction as

applies to Declarant or his wife.  The actions against Declarant and his wife are a violation of due process, abuse

of process, unconstitutional and unlawful.  Declarant therefore request the summons be denied, quashed and

dismissed with prejudice and all papers returned and the parties identified enjoined from further harassment of

Declarant and his wife for the multiple jurisdictional failures and violation of the Constitution and the law.

> **"If [a provision of the Constitution] will thwart the effectiveness of a system of law enforcement, then there is something very wrong with that system." United States Supreme Court, Escobedo v. Illinois 378 U.S. 478 (1964)**

> **"Acts of Congress are to be construed and applied in Harmony with and not to thwart the purpose of the Constitution." Phelps v. U.S., 274 U.S. 341, 344 (1927)**

> **"While this court has not attempted to define with exactness the liberty thus guaranteed, the term has received much consideration and some of the included things have been definitely stated. Without doubt, it denotes _not merely freedom from bodily restraint but also the right of the individual to contract, to engage in any of the common occupations of life_, to acquire useful knowledge, to marry, establish a home and bring up children, to worship God according to the dictates of his own conscience, and generally to _enjoy those privileges long recognized at common law_ as essential to the orderly pursuit of happiness by free men. Slaughter-House Cases, 16 Wall. 36; Butchers' Union Co. v. Crescent City Co ., 111 U.S. 746 , 4 Sup. Ct. 652; Yick Wo v. Hopkins, 118 U.S. 356 , 6 Sup. Ct. 1064; Minnesota v. Bar er, 136 U.S. 313 , 10 Sup. Ct. 862; Allegeyer v. Louisiana, 165 U.S. 578 , 17 Sup. Ct. 427; Lochner v. New York, 198 U.S. 45 , 25 Sup. Ct. 539, 3 Ann. Cas. 1133; Twining v. New Jersey 211 U.S. 78 , 29 Sup. Ct. 14; Chicago, B. & Q. R. R. v. McGuire, 219 U.S. 549 , 31 Sup. Ct. 259; Truax v. Raich, 239 U.S. 33 , 36 Sup. Ct. 7, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283; Adams v. Tanner, 224 U.S. 590 , 37 Sup. Ct. 662, L. R. A. 1917F, 1163, Ann. Cas. 1917D, 973; New York Life Ins. Co. v. Dodge, 246 U.S. 357 , 38 Sup. Ct. 337, Ann. Cas. 1918E, 593; Truax v. Corrigan, 257 U.S. 312 , 42 Sup. Ct. 124; Adkins v. Children's Hospital (April 9, 1923), 261 U.S. 525 , 43 Sup. Ct. 394, 67 L. Ed. --; Wyeth v. Cambridge Board of Health, 200 Mass. 474, 86 N. E. 925, 128 Am. St. Rep. 439, 23 L. R. A. (N. S.) 147." Meyer v. State of Nebraska, 262 U.S. 390, 399 (1923)**

> **"Parties who, by the constitution and laws of the United States, have a right to have their controversies decided in their tribunals, have a right to demand the unbiased judgment of the court. The theory upon which jurisdiction is conferred on the courts of the United States, in controversies between citizens of different States, has its foundation in the supposition that, possibly, the state tribunal might not be impartial between their own citizens and foreigners." Pease v. Peck, 59 U.S. 595 (1855)**

> **"The government of the United States may, therefore, exercise all, but no more than all the judicial power provided for it by the constitution." State of Rhode Island v. Commonwealth of Massachusetts, 37 US 657 (1838)**

> **Matthew 17:24 And when they were come to Capernaum, they that received tribute money came to Peter, and said, Doth not your master pay tribute? 25 He saith, Yes. And when he was come into the house, Jesus prevented him, saying, What thinkest thou, Simon? of _whom do the kings of the earth take custom or tribute_? of their own children, or of strangers? 26 Peter saith unto him, _Of strangers_. Jesus saith unto him, Then are the children _free_.**

Wherefore Declarant prays that this court will have the summons and complaint denied, quashed and dismissed

with prejudice and all papers returned and the parties enjoined from any further action or harassment of Declarant

or his wife.  This filing may also be construed as an action to abate the proceedings.

"In its most fundamental or strict sense, 'jurisdiction' means an entire absence of power to hear or determine the case, an absence of authority over the subject matter or the parties, but the term may also refer to the situation where a court that has jurisdiction over the subject matter has no power to act except in a particular manner, or to give certain kinds of relief, or to act without the occurrence of certain procedural prerequisites; action 'in excess of jurisdiction' by a court that has jurisdiction in a fundamental sense is not void, but only voidable." People v. Burnett, 83 Cal.Rptr.2d 629, 71 Cal.App 151 (1999)

"...every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." U.S. V. White County Bridge Commission, 2 Fr Serv 2d 107, 275 F2d 529, 535

Declarant request the court construe this to be applicable to his wife, Debra G. Golson, in case # 2:06mc3280-MHT as well.

April 3, 2006

Provided With Due Respect,

Larry B. Golson, a layman.

_Larry B. Golson_
Larry B. Golson

To the best of my knowledge and ability under the laws of the United States of America which is without the United States

All Rights Reserved Without Prejudice

Larry B. Golson,                         UNITED STATES OF AMERICA Plaintiff,
c/o 7736 Deer Trail Rd,                  Identity and address unknown
Montgomery, Alabama
334-549-2803

## PROOF OF SERVICE

This date I placed into the United States Mail, postage prepaid, a copy of this filing and its attachments, addressed to the below Parties:

R. Rand Neeley
Suite 201
One Court Square
Montgomery, AL 36104

_Larry B. Golson_
Larry B. Golson